SKC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Elmira D.,[1]

Petitioner,

v.

Warden of San Luis Regional Detention Facility, et al.,

Respondents.

No.   CV-26-03406-PHX-MTL (MTM)

**ORDER**

Self-represented Petitioner Elmira D. filed this action under 28 U.S.C. § 2241 challenging her immigration detention.  (Doc. 1.)

Petitioner was born in Uzbekistan and says she is "from Russia."  On January 13, 2025, Petitioner entered the United States at a port of entry pursuant to an appointment scheduled through the CBP One App and was arrested by immigration officials and taken into custody.  Petitioner applied for asylum and withholding of removal under the Convention against Torture, and on October 26, 2025, an Immigration Judge held a hearing and denied relief.  Petitioner appealed to the Board of Immigration Appeals, and her appeal remains pending.  Petitioner has been continuously detained for more than 15 months.  She alleges that her prolonged detention without an individualized bond hearing violates the

---

[1] Petitioner requests, pursuant to guidance set forth in the May 1, 2018 *Memorandum Re: Privacy Concern Regarding Social Security & Immigration Opinions* of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, that the Court use her last initial instead of her full last name in any opinion in this case. (Doc. 1 n. 1).  The Court will grant the request.

Fifth Amendment Due Process Clause.  She seeks immediate release or a prompt and meaningful bond hearing.

An alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute."  *Dep't of Homeland Sec. v. Thuraissigiam* , 591 U.S. 103, 140 (2020); *see also Lopez v. Noem*, No. CV-26-00345 (JHR), 2026 WL 266597, at \*3 (S.D.N.Y. Feb. 2, 2026).  Congress has provided that aliens determined to have a credible fear of persecution "shall be detained for further consideration of the application for asylum."  8 U.S.C. § 1225(b)(1)(B)(ii).  Because Petitioner's appeal of the denial of her asylum application remains ongoing, she is therefore not entitled under the Immigration and Nationality Act to a bond hearing under 8 U.S.C. § 1226(b) or the Due Process Clause.  The Petition will therefore be dismissed without prejudice.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 18th day of May, 2026.

_____
Michael T. Liburdi
United States District Judge

- 2 -